IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANIEL W. GREEN                           )
                                          )
v.                                        )      No. 3:16-01858
                                          )      CHIEF JUDGE SHARP
UNITED STATES OF AMERICA                  )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or

Correct Sentence (Docket Nos. 1, 8), filed by the Movant/Petitioner, pro se. The Government has

filed a Response (Docket No. 18) in opposition to the Motion.

For the reasons set forth herein, Petitioner's Motion (Docket No. 1) is DENIED, and this

action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged with two counts of production

of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of receipt of child

pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). (Docket No. 1 in Case No. 3:10-cr-

00098).  The Sixth Circuit described the facts underlying the charges as follows:

> In late 2009, Green's seven- and ten-year-old step-granddaughters told their
> grandmother that Green had been molesting them for at least a year. A search of
> Green's home confirmed that Green videotaped and photographed himself
> molesting the girls on multiple occasions. The search also revealed that Green
> downloaded numerous images and videos depicting the sexual exploitation of
> minors.

(Docket No. 170, at 1, in Case No. 3:10-00098); *United States v. Daniel W. Green*, 608 F. App'x

383, 384, 2015 WL 3559196 (6th Cir. 2015).

On the second day of his trial, after the victims' grandmother had testified, the Petitioner pled guilty, without a plea agreement, before now-retired Judge Todd J. Campbell. (Docket Nos. 83, 142, 169 in Case No. 3:10-cr-00098). At the subsequent sentencing hearing, Judge Campbell determined that the initial sentencing guideline range was life imprisonment, based on Petitioner's offense level of 48, reduced to 43 because the Sentencing Table tops out at 43, and Criminal History Category I. (Docket No. 162, at 3-7, in Case No. 3:10-00098). Because the statutory maximum for Counts One and Two was 15 years, and the statutory maximum for Count Three was 20 years, however, the maximum sentence was 960 months, or 80 years. (*Id.)* After consideration of the factors set forth in 18 U.S.C. § 3553, Judge Campbell determined that the sentences on each of the three counts should run consecutively, and imposed a total sentence of 960 months. (Docket Nos. 157, 158, 159, 162 in Case No. 3:10-cr-00098).

The Petitioner appealed the validity of his guilty plea and the reasonableness of his sentence, and the Sixth Circuit affirmed. (Docket Nos. 160, 170, 175 in Case No. 3:10-cr-00098); *United States v. Daniel W. Green*, *supra*.

### III. Analysis

A.  The Petitioner's Claims

The Petitioner contends that his convictions and sentence should be vacated because he received the ineffective assistance of trial counsel.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray v. United States,* 721 F.3d 758, 761 (6th Cir. 2013); *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

The Court has reviewed the pleadings, briefs and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 104 S.Ct. at 2052; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*, at 2052. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011).

Petitioner argues that he received ineffective assistance based on counsel's failure to: (1) fully investigate the evidence and possible defenses, and to recognize that there was insufficient evidence to support his conviction; (2) investigate the questionable investigator on his case; (3) raise a diminished capacity defense; (4) argue that the plea offered by the Government of 15

years was never presented in writing; (5) seek an expert witness to offer mitigating evidence; (6) argue for a three-point reduction for acceptance of responsibility; (7) raise an Eighth Amendment claim for cruel and unusual punishment; (8) argue that the sentence imposed was not statutorily mandated to run consecutively; and (9) object to the U.S. Sentencing Guidelines calculations, and argue that the sentence imposed was "greater than necessary" in violation of 18 U.S.C. § 3553(a).

First, Petitioner argues that trial counsel should have made a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 based on the Government's failure to present sufficient evidence to support the Petitioner's convictions on Counts One and Two. Specifically, the Petitioner contends, the Government failed to prove that Petitioner's purpose in enticing or coercing the alleged victims to engage in sexually explicit conduct was to produce visual depictions of such conduct. (Docket No. 8, at p. 13-16 of 36).

Rule 29 provides that a court may enter a judgment of acquittal after the presentation of the Government's case-in-chief at trial, after the close of all the evidence, or after the jury returns a verdict. Because the Petitioner pled guilty in the underlying criminal case, prior to the close of the Government's proof, however, a motion under Rule 29 would not have been appropriate, and would have been denied. Therefore, the Petitioner was not prejudiced by any failure of trial counsel to make such a motion. *See, e.g., Ludwig v. United States,* 162 F.3d at 458 (counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

The Court notes that, before Judge Campbell accepted the Petitioner's plea of guilty, he explained to the Petitioner that, in order to be convicted of Counts One and Two, the Government would have to prove, among other things, "that you knowingly and intentionally

5

employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct *for the purpose of* producing a visual depiction of that conduct, or attempted to do so." (Docket No. 169, at 5, in Case No. 3:10-00098). The Government then explained the factual basis for the plea, as outlined in its opening statement, and the Petitioner indicated that he was pleading guilty to all three counts because he was, in fact, guilty as charged. (Docket No. 169, at 14-19, in Case No. 3:10-00098).

Next, the Petitioner argues that trial counsel should have investigated Detective Scott Levasseur who, he claims, was accused of planting a camera in the Dickson County Jail and of taking home child pornography. The record reveals, however, that these allegations relating to Detective Levasseur were pursued by trial counsel prior to trial. Indeed, the Government filed a motion in limine requesting that the Court prohibit trial counsel from raising these allegations in the presence of the jury. (Docket No. 115 in Case No. 3:10-00098). At a pretrial hearing on the motion, trial counsel indicated that she had heard a rumor about these allegations and was attempting to confirm the rumor. (Docket No. 168, at 19-28, in Case No. 3:10-00098). In ruling on the motion, Judge Campbell explained that counsel would be required to come forward with information showing a good faith basis for the truth of the allegations before she would be permitted to question Detective Levasseur about them at trial. (*Id.*, at 34-35).

The record does not indicate that trial counsel was able to confirm the allegations, and the Petitioner has not provided any factual support confirming them either. Nor has the Petitioner suggested any other avenues of investigation trial counsel should have employed to confirm the allegations. Accordingly, Petitioner has failed to establish that trial counsel was deficient in any

failure to investigate Detective Levasseur.[2]

Petitioner next contends that trial counsel was ineffective for failing to raise diminished capacity under 18 U.S.C. § 17(a)[3] as an affirmative defense; for failing to argue that he was entitled to a departure under Section 5H1.3[4] of the Sentencing Guidelines for "diminished capacity;" and for failing to present mitigating evidence and expert mental health testimony at

---

[2]   To the extent the Petitioner claims a general failure to investigate by trial counsel, his claim is undermined by his failure to provide any specifics. *See, e.g., McConnell v. United States,* 162 F.3d 1162 (6th Cir. Aug., 10, 1998)(conclusory, unsupported allegations are legally insufficient to support a motion to vacate).

[3]   18 U.S.C. § 17 provides as follows:

(a) Affirmative defense.--It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of proof.--The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

[4]   Section 5H1.3 provides as follows:

Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. *See also* Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).

In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. *See* § 5C1.1, Application Note 6.

Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release; *e.g.*, participation in a mental health program (*see* §§ 5B1.3(d)(5) and 5D1.3(d)(5)).

sentencing. Petitioner also suggests that he was not competent to stand trial or enter a guilty plea.

First, the Petitioner has failed to provide any support for his claim that he was incompetent to stand trial or to enter a guilty plea. The record reveals that, prior to trial, Judge Campbell granted trial counsel's motion for funds for a psychiatric expert to explore possible mental health and diminished capacity defenses for the Petitioner. (Docket Nos. 64, 66 in Case No. 3:10-00098). There is no further filing in the criminal record with regard to the psychiatric expert's evaluation of the Petitioner, and the Petitioner does not suggest that he was deemed incompetent by the expert but counsel failed to bring that finding to the attention of the Court.

As for his contention regarding an affirmative defense, as discussed above, the Petitioner pled guilty during the Government's presentation of proof, and consequently, trial counsel did not have the opportunity to fully present a defense. Thus, Petitioner has not established that trial counsel was deficient in that regard.

In terms of sentencing, the record reveals that Petitioner's mental health history and records, as well as his substance abuse history, were detailed in the Presentence Investigation Report. (Docket No. 163, at ¶¶ 71-76, in Case No. 3:10-00098). The record also reveals that Judge Campbell specifically considered the Petitioner's age, childhood trauma, and his mental health and substance abuse history in imposing sentence. (Docket No. 162, at 37-38, 40, in Case No. 3:10-00098). The Petitioner has not identified or submitted any mitigating evidence that he contends counsel should have provided at sentencing in addition to that already in the record. Thus, the Petitioner has failed to established that trial counsel was deficient in failing to obtain and/or present any such evidence.

With regard to his claim that counsel should have pressed for a departure under Section

5H1.3, the Petitioner has not submitted any evidence indicating that his mental health issues were "present to an unusual degree" such that his case is "distinguish[ed] from the typical cases covered by the guidelines," as required by Section 5H1.3. Therefore, he has failed to establish prejudice from any failure of counsel to specifically request a diminished capacity departure at sentencing.

Petitioner argues that trial counsel was also ineffective at sentencing because she "failed to argue the United States Sentencing Guidelines calculations, nor did counsel argue that Petitioner's sentence was not mandated to run consecutively by statute." (Docket No. 8, at 27).

With regard to the sentencing guidelines calculations, as discussed above, the Petitioner's offense level, as initially calculated, was 48 – five points higher than the highest level in the Sentencing Table. (Docket No. 162, at 7). Thus, to effect any measurable reduction in the offense level, counsel would have had to challenge major portions of the sentencing guideline calculations, and Petitioner has failed to specify the challenges counsel could have made in that regard. *See, e.g., McConnell v. United States,* 162 F.3d 1162 (6th Cir. Aug., 10, 1998) (conclusory, unsupported allegations are legally insufficient to support a motion to vacate). Trial counsel did argue, however, that Judge Campbell should impose a sentence of 20 years because the applicable guideline sentence of 960 months (80 years) of imprisonment was greater than necessary. (Docket No. 162, at 6-8, 21-29, 40, 45 in Case No. 3:10-00098). Petitioner has not established that counsel was deficient in her representation in that regard.

As for Petitioner's claim regarding consecutive sentencing, the record reveals that, after seeking input from counsel for both parties, Judge Campbell determined that the mandatory minimum statutory sentences for the three counts of conviction were *not* required to run

consecutively. (*Id.,* at 26-28). Thus, Petitioner's contention that counsel failed to make such an argument is without factual support in the record.

Petitioner also argues that counsel should have requested a three-point reduction for acceptance of responsibility because he pled guilty before the trial was over, saving the Government time and expense. The Petitioner's Presentence Investigation Report did not include a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1[5] because the Petitioner did not plead guilty until after trial began and proof had been presented. (Docket No. 163, at ¶¶ 14, 50, in Case No. 3:10-00098). Trial counsel did not challenge that conclusion at sentencing. As the record reveals, however, even if the Petitioner had been given credit for pleading guilty prior to the conclusion of the Government's case-in-chief, that reduction would not have lowered his sentencing range under the Sentencing Guidelines because his initial offense level was 48 and the Sentencing Table tops out at 43. (Docket No. 162, at 6, 17, in Case No. 3:10-00098). Therefore, the Petitioner has not established that he was prejudiced by any failure of trial counsel to request a reduction for acceptance of responsibility.

---

[5] Section 3E1.1 provides as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

Petitioner also argues that trial counsel was ineffective at sentencing for failing to raise an Eighth Amendment challenge to his sentence as "cruel and unusual punishment." In order to determine whether a non-capital sentence violates the Eighth Amendment, the courts are to apply the "narrow proportionality principle." *United States v. Young*, 766 F.3d 621, 625 (6th Cir. 2014)(quoting *Graham v. Florida*, 560 U.S. 48, 59-60, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)). Under that principle, punishment for a crime should be "graduated and proportioned to [the] offense" but the proportionality required "forbids only extreme sentences that are grossly disproportionate to the crime." (*Id.*) As the Sixth Circuit has explained, "[t]he test is rarely met." (*Id.*)

The Sixth Circuit has also explained that an "an Eighth Amendment challenge must fail if a defendant receives a sentence within the guideline range, when the guideline range contemplates the gravity of the offense." *United States v. Abdulmutallab*, 739 F.3d 891, 907 (6th Cir. 2014)(citing *United States v. Herrick*, 512 Fed.Appx. 534, 538-39 (6th Cir. 2013). In *Herrick*, the Sixth Circuit rejected an Eighth Amendment challenge to a sentence of 1,140 months of imprisonment imposed for sexual exploitation of children and distribution of child pornography.

The Petitioner claims that counsel should have argued that his sentence was extremely disproportionate in light of his unresolved issues involving social relationships, his mental health, and his age. The record reveals, however, that Judge Campbell discussed all these issues in reaching his decision. (Docket No. 162, at 37-38, in Case No. 3:10-00098). Judge Campbell then went on to explain why he believed the Petitioner's sentence was not excessive:

> First of all, the sentence that has just been imposed is the guideline sentence. And
> so the Court determined in part that the relevant conduct and criminal conduct

was not outside the heartland of the guideline for purposes of a guideline departure. And the Court also considered all the Section 3553 factors as to whether there should be a variance. And I considered all the factors that the parties set out, but I do want to remark that the nature of the criminal conduct was especially egregious, and there were individual harms to two different victims, and that certainly counsels against running those two counts one and two concurrently. In the Court's view, they need to be consecutive because these are real girls with real feelings and real broken futures as a result of this criminal conduct. They are to be treated as individuals, not grouped together as simply a group casualty. So different victims with different real criminal conduct.

(*Id.*, at 50-51). On appeal, the Sixth Circuit agreed that the sentence was substantively reasonable. (Docket No. 170, at 3-4, in Case No. 3:10-00098). For these same reasons, the Court concludes that any Eighth Amendment challenge by trial counsel would have been unsuccessful. Thus, the Petitioner was not prejudiced by any failure of trial counsel to raise an Eighth Amendment challenge to the sentence. *See, e.g., Ludwig v. United States,* 162 F.3d at 458 (counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

Next, the Petitioner argues that trial counsel failed to secure a copy of a proposed plea deal in which the Government offered him a 15-year sentence. The Petitioner has not cited any statute or case law requirement, however, that a plea offer be made in writing. Thus, Petitioner has not established that counsel was deficient for any failure to secure a written offer.

The Petitioner also claims he "was told by counsel that the government had rejected the deal but then at sentencing the government stated something contrary to this." (Docket No. 8, at 27). To the extent the Petitioner is alleging that trial counsel failed to convey a plea offer, the record does not support such a claim. At sentencing, the Petitioner told Judge Campbell that, at the beginning of the case, the Government had offered him a plea deal for a 15-year sentence but he turned it down, and the Government refused to make the offer again. (Docket No. 162, at 47-

48, in Case No.3:10-00098). Counsel for the Government then stated for the record that the offer had been re-extended prior to trial preparation and the Petitioner had again declined. (*Id.,* at 49-50).  The Petitioner did not make any statements in response to the Government's representation, nor did he suggest that counsel failed to convey any plea offer, or misrepresented the status of plea negotiations. *Cf. Missouri v. Frye,* 566 U.S. 133, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012)(trial counsel provides ineffective assistance when he or she fails to communicate and explain a formal plea offer to his or her client in a timely fashion). In any event, Judge Campbell explained that he would not have accepted a plea agreement for a 15-year sentence, (*Id.*, at 50-51) even if the parties had proposed such an offer. Thus, the Petitioner has not established that trial counsel was deficient with regard to any plea offers.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255, and that Petitioner's Motion Under § 2255 should be denied and this action dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE